# IN THE COURT OF APPEALS OF IOWA

No. 17-0793
Filed June 20, 2018

**RICHARD LOWERY,**
    Plaintiff-Appellant,

**vs.**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Richard Lowery appeals the denial of his motion for additur. **AFFIRMED.**

Alfredo Parrish of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, Des Moines, for appellant.

Scott K. Green, West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Richard Lowery was driving a vehicle insured by American Family Mutual Insurance Company (American Family) when a motorist rear-ended him. He sued and settled with the motorist. He then sued American Family for underinsured motorist coverage.

A jury awarded Lowery $69,430.20 in damages—$16,730.20 in past medical expenses, $30,000 in past pain and suffering, $2700 in future medical expenses, and $20,000 in future pain and suffering. Lowery filed a motion for additur seeking an additional $10,000 for future medical expenses and an additional $25,000 for future pain and suffering. The district court denied the motion. The court reasoned as follows:

> Here, the jury's verdict award for future medical expenses was well within the range of evidence. During the trial, evidence was presented to the jury relating to the costs for future medical expenses that Plaintiff may incur throughout the rest of his life as a result of blood clots. The jury was instructed on the average life span of a man the same age as Plaintiff. However, the jury was also instructed it may consider all other evidence presented, including Plaintiff's health, habits, occupation, and lifestyle and evidence was presented that Plaintiff had failed to actively treat injuries suffered in the motor vehicle collision after 2014. The award of future medical expenses is adequate in light of the evidence presented at trial. Plaintiff also argues the jury's award for future pain and suffering is inadequate based on the evidence presented concerning Plaintiff's arthritis and the complications caused by the blood thinner medication Plaintiff now takes. Yet, the jury was also presented with evidence that indicated Plaintiff returned to a baseline level of pain within six months of the collision at issue. The jury could have reasonably awarded Plaintiff for the increase in pain, without awarding Plaintiff for the pre-existing pain caused by his arthritis. The evidence presented at trial demonstrates the award for future pain and suffering is within a reasonable range as indicated by the evidence.

On appeal, Lowery insists the damage award was inadequate. *See* Iowa Iowa R. Civ. P. 1.1004(4) (stating a party may file a motion for new trial where the

verdict reflects "[e]xcessive or inadequate damages appearing to have been influenced by passion or prejudice"); *see also* Iowa R. Civ. P. 1.1004(6) (stating a party may file a new trial motion where "the verdict . . . is not sustained by sufficient evidence"); Iowa R. Civ. P. 1.1010 (authorizing the court to permit a party to avoid a new trial by agreeing to certain conditions, such as an "increased judgment"). He points to blood clots he acquired following the accident and asserts the cost of ongoing treatment will exceed $2700 over his lifetime. He also notes the arthritis medication he had been prescribed to alleviate pain is contraindicated with the blood thinning medication he takes to treat the clots, justifying a higher future pain and suffering award. Our review of the district court's ruling denying Lowery's motion for an increased judgment or additur is for an abuse of discretion. *See Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 162 (Iowa 2004).

We discern no abuse. Lowery was seventy-one years old at the time of the accident and seventy-four years old at the time of trial. The jury received a mortality table indicating the normal life expectancy of a seventy-four-year-old male was 10.78 years. Although the accident caused him to develop blood clots, Lowery failed to report any blood-clot related symptoms during a 2015 physical, and he did not seek treatment in 2016 for injuries arising from the accident. As for his pain, the jury award of $20,000 for future pain and suffering may have accounted for the fact that he was limited to taking Tylenol, which a physician agreed was not as effective as his arthritis medication. Although the jury could have awarded more, the award was not "flagrantly . . . inadequate, so out of reason so as to shock the conscience, the result of passion or prejudice, or lacking in

evidentiary support" and "did not exceed the range permitted by the evidence." *See Stender v. Blessum*, 897 N.W.2d 491, 501, 517 (Iowa 2017).

We affirm the district court's denial of Lowery's additur motion.

**AFFIRMED.**